UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
JAHIEK CHUNN, *on behalf of himself and others similarly situated*,

                            *Plaintiff*,

- against -

OFFICE FURNITURE OF NEW YORK, INC.;
OFFICE FURNITURE WHOLESALERS, INC.; FURNITURE RENTALS OF NY INC; and RANDOLF FLORES,

                            *Defendants*.

-------------------------------------------------------- x

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Jahiek Chunn ("Plaintiff" or "Chunn"), on behalf of himself and other similarly situated employees, as class representative, by and through his attorney, Mohammed Gangat, Esq., file this Complaint against defendants OFFICE FURNITURE OF NEW YORK, INC.; OFFICE FURNITURE WHOLESALERS, INC; FURNITURE RENTALS OF NY INC; and RANDOLF FLORES ("Defendants") and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), he is entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) liquidated damages on those amounts; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," he is entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) unpaid uniform maintenance;

(5) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants reside and/or maintain a place of business in this district.

5. This case could also be valued in the Southern District because most if not all of the work was performed within the confines of New York City,

## PARTIES

6. At all relevant times, Plaintiff Chunn is an adult individual, over 18 years old, residing in Staten Island, New York.

7. OFFICE FURNITURE OF NEW YORK, INC. is a domestic business corporation formed in Suffolk County with a service of process address in the care of The Corporation at 50 Schmitt Boulevard, Farmingdale, New York 11735.

8. OFFICE FURNITURE WHOLESALERS, INC is a domestic business corporation formed in Suffolk County with a service of process address in the care of The Corporation at 50 Schmitt Boulevard, Farmingdale, New York 11735.

9. FURNITURE RENTALS OF NY INC is a domestic business corporation formed in Suffolk County with a service of process address in the care of The Corporation at 50 Schmitt Boulevard, Farmingdale, New York 11735.

10. All three of these companies operate out of the same business location.

11. All three of these companies use the phone number 631-815-5250.

12. All three of these companies are owned and operated by individual Defendant Randolf Flores.

13. The companies share employees freely.

14. The companies share assets.

15. The companies rely on each other's business credit to obtain financing and other credit terms.

16. Defendant Randolf Flores is an adult individual, over 18 years old, residing in Queens County, and a citizen of New York. Plaintiff's paychecks are signed by Defendant Randolf Flores. Upon information and belief, Flores is the principal owner of Office Furniture.

17. Upon information and belief, Defendants jointly employ between 21 and 50 people and have annual revenues in excess of $500,000.

18. Mr. Flores uses the three companies to operate an office furniture business, buying discounted furniture, and reselling and renting it out.

19. Defendant Flores hired Plaintiff and actively participated in the management of the business where Plaintiff and similarly situated employees worked.

20. Upon information and belief, the Individual Defendant has control over and the power to change compensation practices for all employees of the Corporate Defendant.

21. Upon information and belief, the Individual Defendant has had the power to determine employee policies for employees of the Defendants, including, but not limited to, time-keeping, payroll, and uniform policies.

22. Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendant is and continues to be an "enterprise engaged in commerce"

within the meaning of the FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had an annual gross volume of sales of not less than $500,000.

23. Defendants continuously employed Plaintiff to work as non-exempt employees.

24. The work performed by Plaintiff was essential to the business operated by Defendants.

25. Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages in direct contravention of New York Labor Law's minimum wage requirements.

26. Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

27. Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

28. Defendants knowingly and willfully failed to pay Plaintiffs the uniform maintenance fees required under New York Labor Law and the New York Compensation Code Rules and Regulations ("NYCRR").

29. Defendants knowingly and willfully failed to provide required accurate wage notices and wage statements under the New York Wage Theft Prevention Act.

## STATEMENT OF FACTS

30. Plaintiff at all relevant times was a covered employee within the meaning of the FLSA and NYLL.

31. Defendants' business owns and operates the furniture liquidator business Office

Furniture of New York, Inc. in New York State.

32. Plaintiff Jahiek Chunn has been working for Defendants from around August 2019 to in or about December 2020/January 2021 and then again from August 2022 to the present.

33. He worked as a laborer.

34. He worked typically on a team of about 10 people and the company would have another crew of about 10 people working separately at a different site.

35. Plaintiff's team's job was to break down furniture, set up furniture, moving furniture, installing furniture, packing trucks, loading in and out of elevators, disposing of trash and packing materials, and cleaning worksites.

36. Defendants maintain a principal place of business at 50 Schmitt Blvd, Farmingdale, New York 11735.

37. Defendants often have their hourly workers present onsite at their customers' places of business for days at a time. Defendants' customers include large companies, such as major financial services firms, as well as smaller, family-owned businesses. Defendants work on the offices of these companies.

38. Plaintiff has worked for Defendants full time. During Plaintiff's first period of employment ending in January 2021, he did not typically work overtime. He did, however, work a few weeks of overtime. In particular there was one month when he worked approximately 22 days, and significant overtime. Also during this stint of employed he typically worked more than ten hours per shift at least once per week and most shift worked each week work in excess of ten hours.

39. Since returning to work in August 2022, Defendants have required Plaintiff to work six days per work, 10-12 hours per day, working an average of 60-70 hours per week.

40. Plaintiff does not recall his hourly rate during the first stint of employment. This is largely due to the fact that Defendants did not provide Plaintiff with paystubs.

41. At all times during the employment, Defendants failed to count and pay all hours worked, including because they had a practice of rounding time to the nearest hour or half hour in favor of the employer always.

42. Since returning to work in August 2022, Defendants have paid Plaintiff $15 per hour.

43. Despite Plaintiff regularly working more than 40 hours per week performing non-exempt tasks, Defendants have never paid Plaintiff the required overtime rate of time and one-half for every hour he worked in excess of 40 hours.

44. Defendants have never paid Plaintiff a spread of hours premium of one additional hours' pay at the applicable minimum wage for each day where Plaintiff worked more than ten hours at a time.

45. Upon information and belief, none of Defendants' hourly, non-exempt employees are paid their required overtime and spread of hours premium pay.

46. Because of Defendants' improper compensation policies, Plaintiff was deprived of pay, in direct violation of the FLSA and NYLL

47. This pattern of conduct was continuous throughout Plaintiff's employment.

48. Defendants' unlawful conduct has been widespread, repeated, and consistent.

49. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

50. Defendants did not furnish Plaintiffs and other similarly situated employees with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

51. Defendants did not furnish Plaintiff with a wage notice in compliance with NYLL

195(1) at any point during the employment.

52. Defendants' failure to provide a wage notice and wage statements and the other practices complained of herein are intentional acts intended to aid them in getting away with paying Plaintiff and other employees what they are entitled under the wage and hour laws.

53. Plaintiff reserves the right to amend this complaint once the wage and hour records that are required to be kept under the FLSA and NYLL and information regarding Defendants' corporate and franchise ownership structure is produced by Defendants during discovery.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime

54. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

55. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

56. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

58. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

59. Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

60. Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

61. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

62. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective.

64. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

65. Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

66. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

67. Due to the reckless, willful and unlawful acts of Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

68. Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

69. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

70. Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

71. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

72. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

73. Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiff and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New

York State Department of Labor Regulations.

74. Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

75. Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

76. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

77. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

78. At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

79. Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

80. Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated

damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

81. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

82. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

84. Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and

overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

85. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

86. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

87. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

i. An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

ii. An award of unpaid "spread of hours" premium due under the New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendants' failure to pay minimum wage

      compensation, overtime compensation, uniform maintenance pay, and "spread of hours" premium pursuant to the New York Labor Law, the New York Compensation Codes Rules and Regulations, and the New York State Wage Theft Prevention Act;

v.     An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vi.    An award of prejudgment and post-judgment interest;

vii.   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL;

viii.  Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       February 18, 2023                 **LAW OFFICE OF MOHAMMED GANGAT**

By: _____
       Mohammed Gangat, Esq.
       675 3rd Avenue
       Suite 1810
       (718) 669-0714
       mgangat@gangatllc.com